## Holliday, et al. v. Cornett, et al.

(Decided November 10, 1922.)

### Appeal from Knott Circuit Court.

1. Appeal and Error—Continuance.—The action of a trial court on motions for a continuance will be upheld unless there appears something to show an abuse of the discretion in such matter.
2. Appeal and Error—Submission for Judgment—Discretion.—Where there has been a long drawn out controversy between members of a family over the title to land, covering a period of nearly thirty years, and during that time certain records have been destroyed by fire, and when the plaintiffs were finally permitted to file a substituted petition and again get into court, and after the issues are made up anew, the plaintiffs still failed to show diligence in taking and presenting their evidence, the court did not abuse its discretion in submitting the action for judgment at the first term after the issues were made up.

GREEN HOLLIDAY for appellants.

J. M. BAKER and SMITH & COMBS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In 1890 and 1891 there was pending either in the Knott circuit court or in the Knott common pleas court some sort of an equitable action wherein Holliday and wife were plaintiffs and J. E. Cornett, either individually or as executor of N. W. Cornett, deceased, was defendant.

The subject matter of the litigation was two tracts of land in that county and it is claimed by appellants it was an action to quiet their title to the two tracts of land, and it is asserted by appellees that the purpose of the original action was to cancel certain conveyances made by N. W. Cornett in his lifetime to certain of his children.

It appears that in the spring of 1892, the court house was burned at the county seat of Knott county and the record book containing all orders made in the litigation was destroyed; but the action must have thereafter been on the docket of one of those courts for there is copied in this transcript an order of April 7, 1894, showing that a special commissioner was appointed by the court "to supply the judgment herein."

So far as this transcript discloses no steps were thereafter taken in the action whatsoever until the 1st day of August, 1916, when appellants appeared in court and entered a motion, after notice, to redocket this cause, because the same was left off the docket by oversight or mistake of the clerk. Thereafter the court upon consideration of this motion overruled the same, and the plaintiffs excepted and prosecuted an appeal to this court, which appeal was dismissed upon the ground that the order of the lower court was not a final order from which an appeal might be prosecuted. Holliday v. Cornett, 178 Ky. 454.

After that action of this court, and on the 5th day of April, 1918, the plaintiffs again entered in the lower court their motion to redocket the case, and filed in support of the motion the affidavit of Green Holliday, and the court then sustained their motion and directed the case to be redocketed, and at that term of the court the death of the defendant, J. E. Cornett, was suggested of record, but no other step taken. At the following July term, 1918, the plaintiff entered a motion to revive the action, but no order of revivor appears in the record, and at the same term the cause was by agreement continued. No further step was taken in the matter until the July term, 1919, when the defendants moved to strike the case from the docket, which motion was not acted upon until the November term, 1919, at which time it was overruled; but prior to the overruling of that motion the plaintiff's tendered and offered to file a substituted petition, and thereafter, on the 20th day of November, the court permitted the same to be filed over the objection of the defendants and no other step was taken at that term.

At the April term, 1920, after the plaintiffs entered a motion to take the allegations of their petition as true, the defendants filed a demurrer to the substituted petition, which demurrer the court overruled and gave defendants until May rule day in 1920 to file their answer, and on June 7, 1920, being June rule day as shown by the order, defendants, W. H. and John Cornett, filed their answer, and at the July term the plaintiffs moved to strike the same from the files because not filed in time, and the court overruled their motion. At the same time the plaintiffs filed a demurrer to the answer and counterclaim of defendants which was overruled, and they then filed a reply on the 3rd day of August, and on the same day by agreement the affirmative matter therein was controverted of record.

The substituted petition merely alleges in substance that it is a substitute for the old action pending in 1892 and that at the date of the filing of the original petition and for many years prior thereto the plaintiff, Nancy Holliday, was and had continuously since said time, been, and is yet, the owner of the legal title to the two tracts of land and in the actual possession of the same; and that at the time of the filing of the original petition the defendant, J. E. Cornett, was asserting ownership to the two tracts of land and giving it out in words and speeches that he was the owner of the same, and that he had a deed therefor from his father, whereby he was casting a cloud on the title of the plaintiff, Nancy Holliday. They then prayed that the female plaintiff be adjudged the owner of the two tracts of land, and her title thereto quieted, and that defendants be enjoined from asserting any further claim to the same.

The answer and counterclaim of W. H. and John Cornett in the first paragraph denies that the alleged substituted petition is a substitute for a petition filed against J. E. Cornett in the year 1892, or that plaintiffs filed any such petition whatever against J. E. Cornett in that year, or that at the date of the filing of the original petition, or at any other time, the plaintiffs were or had been continuously, or that they were now the owners of, or with legal title to, or in the actual possession of the tracts of land described in the petition. They then allege that plaintiffs never at any time filed any petition against J. E. Cornett to quiet title to the land in controversy.

In a second paragraph they allege that in November, 1890, the plaintiffs did file a suit in the Knott common pleas court against J. E. Cornett, executor of N. W. Cornett, deceased, and that in March, 1891, a demurrer was filed to the said petition and at the September term, 1891, the same was sustained and the cause dismissed. They say in their pleading that they file copies of that petition and demurrer and that the petition is marked on the back in the handwriting of the clerk of the court "dismissed," but no such copies are to be found in this transcript.

They then proceed to allege that the suit mentioned was a suit to cancel certain deeds made by N. W. Cornett to J. E. Cornett and other children of N. W. Cornett, which deed to J. E. Cornett embraced the land in controversy, and that that was the only suit ever filed by the plaintiffs against J. E. Cornett, either in the Knott common pleas or the Knott circuit court, and that same was tried upon its merits and was dismissed upon demurrer and no appeal was ever taken nor was the order ever set aside, and that the order sustaining the demurrer was duly entered upon the order book of the Knott circuit court, and was thereafter, together with other orders entered during the year 1891, destroyed by fire in the spring of 1892 when the courthouse was burned, and that the judgment on demurrer is in full force and effect.

Defendants then in separate paragraphs rely upon adverse possession, it appearing that the two answering defendants, W. H. and John Cornett, each had title to one of the tracts of land in question.

Although at the July term, 1920, when the issues on the substituted petition were fully made up, this protracted litigation had been then, in one form or another, intermittently pending for nearly thirty years, and although under the pleadings the burden rested upon the plaintiffs to establish title and actual possession, when the November term, 1920, came, no testimony whatever had been taken, and then the defendants urgently insisted upon a submission of the case. They entered several motions to submit the cause for judgment before the court finally did, on the 16th day of November, submit it, and on the 19th of November, 1920, entered a judgment dismissing the plaintiffs' substituted petition and adjudging the defendants to be the owners of the two tracts of land, and from that judgment this appeal is prosecuted.

Waiving for the purposes of this appeal the question whether the substituted petition states facts justifying the court to permit it to be filed, and waiving the question whether the substituted petition presented or attempted to present the same cause of action as was presented or attempted to be presented in the original action, and waiving the failure to revive against the heirs-at-law of J. E. Cornett, deceased, the only question necessary to be determined is: Did the lower court abuse its discretion in not granting the continuance for which the plaintiffs asked at the time the cause was submitted?

The plaintiffs filed the affidavit of Green Holliday, which was merely a rambling discussion of certain questions of law and certain things claimed by him to have occurred during the progress of the long litigation, and complaining of the action of the court in failing to strike from the record the answer of the defendants, but which in no sense presented any reason or excuse whatsoever for the failure to take proof between the July and the November terms, and failed wholly to show any diligence in that respect.

The action of the trial court on motions for a continuance will, from the very nature of things, be upheld by this court unless there appears from the record something to show an abuse of the discretion lodged in that court. Here we have a long drawn out controversy between members of a family over the title to two tracts of land; that controversy had been pending in one form or another for almost thirty years, and finally, when the plaintiffs got back into court and had the issues made up anew, they failed to show any diligence whatsoever, or any determination to reach a final conclusion of the controversy.

In this state of the record we are unwilling to say that the court under these circumstances abused its discretion in submitting the action; and it is apparent that under the state of the pleadings no other judgment could have been entered.

Whether this action of the court has resulted in any injustice to appellants, we do not and can not, from the state of this record, know; but if it has, it comes about because of unexplained delays and inexcusable lack of diligence in the timely assertion of their rights.

Judgment affirmed.