## Thomas v. Smith.

June 18, 1946.

Jones, Keith & Jones for appellant.

Davis, Boehl, Viser & Marcus and J. L. Richardson for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Mrs. Pearl Thomas, the appellant, sued Paul Smith, the appellee, for damages resulting from personal injuries suffered in an automobile collision. After rendition of a judgment upon a verdict that a jury returned in appellee's favor, the appellant perfected this appeal.

The errors that appellant contends were committed on the trial to her prejudice and that she now assigns as grounds for reversal are as follows: (1) the verdict was rendered upon evidence insufficient to sustain it and (2) the court wrongfully gave Instruction Number 2 and (3) appellee's counsel misconducted himself in argument to the jury.

This automobile collision occurred in the latter part of a March afternoon within the junction of Reservoir Avenue and Frankfort Avenue in the City of Louisville. The appellant was riding with her husband in the latter's car in a westward direction on Frankfort Avenue. The appellee was driving his car in a southward direction on Reservoir Avenue. The two vehicles seem to have made collision in the northwest quarter of the junction area of these two streets. After the initial collision, the Thomas car swerved into a third car standing on the southward side of Frankfort Avenue just westward of the junction area, and then the Thomas car continued westward on Frankfort Avenue, apparently out of control and unrestrained, until it ran against a telephone pole about 100 or 125 feet from the street junction. The telephone pole was broken by this impact. The eastbound and westbound vehicles along Frankfort Avenue have the right of precedence over those emerging southwardly out of Reservoir Avenue, the former being an arterial thoroughfare. Railroad tracks run parallel and adjacent to Frankfort Avenue on its northward side at this locality. Vehicles proceeding southward on Reservoir Avenue are required to stop before they cross the railroad tracks and then to stop again before they proceed into Frankfort Avenue. Appellee had crossed the tracks and had emerged a few feet into Frankfort Avenue with the intention of turning eastward or to his left when the collision occurred.

The first question for our consideration is whether the evidence was sufficient to sustain the jury's verdict for appellee. Of course, it must be conceded that appellee or any other motorist had a perfect, legal right to travel from Reservoir Avenue into Frankfort Avenue, provided he did so in a careful and prudent manner so as to avoid contact with the great volume of traffic on Frankfort Avenue that had an unquestionable priority of movement. Now as to whether there was any evidence of weight or substance tending to support the

jury's finding that appellee exercised ordinary care on this occasion, we now determine by examination of the testimony in the record before us, and we select therefrom the evidence of one witness named Gunterman, who was presumably disinterested, and we find that Gunterman stated that appellee stopped before crossing the railroad tracks, that he stopped again before entering Frankfort Avenue, that he emerged from Reservoir Avenue "very slow," that he looked eastward for traffic as he emerged, and that the appellee's car was standing still when the collision took place. This witness said, in sum and substance, that appellee did everything that might be catalogued in any man's rule book of discreet driving in order to avoid the tragedy of this accident . While there was more than Gunterman's evidence to support this verdict, yet if this eyewitness stood alone in his statements, his unsupported evidence would amply sustain the verdict. In our courtroom battles of litigation, it is a fundamental and well established principle that one solitary sentinel standing upon the ramparts of his own conception of asserted truth is sufficient to counteract the onslaught of a much greater number of witnesses arrayed in opposition, provided the jury is willing to decorate that solitary individual with its awarded verdict of credulity. See Jewell v. Janes, 238 Ky. 63, 36 S. W. 2d 875; Smith v. Ferguson, 256 Ky. 545, 76 S. W. 2d 606. Therefore, on the strength of the statements of the witness referred to above, without the necessity of adding thereto, we must adjudge that there was sufficient evidence to support the jury in its declaration that the appellee was free from negligence. It was a jury question. The jury answered it. The evidence supported that answer.

The second question for our consideration is whether the court's Instruction Number 2 was erroneous to the prejudice of appellant. This instruction of which complaint is made we now set out below:

### Instruction Number 2.

" 'Ordinary care' as you will find that in these instructions means that degree of care that is usually exercised by ordinarily careful and prudent drivers of automobiles under the same circumstances or circumstances similar to those which you may believe from the evidence existed in this case.

"Although he had the right of way through the intersection, yet, if you believe from the evidence that Thomas saw or by the exercise of ordinary care could have seen the presence of the car of Smith in the intersection in time to have by the exercise of ordinary care and the use of the means of his command stopped his car, checked its speed or changed its course in time to have avoided the collision, then Thomas was negligent."

Appellant seems to argue in her brief that the above instruction required the Thomas car, in order to avoid the pitfall of negligence, to cross the center line of Frankfort Avenue and collide, if necessary to do so, with traffic in the eastbound traffic lane. We do not read such meaning into that instruction. The instruction required the Thomas car to change its course, if reasonably possible, in order to avoid a collision. But changing its course might mean from westward to southwestward or from westward to northwestward or from westward to any point of the compass that offered an escape from the impending crash. Appellant also complains that the above instruction implies that her driver was guilty of negligence if he merely saw the appellee's car in the junction area, not if her driver saw the appellee in the junction area and then failed to do that which was prudently necessary to be done. No doubt it would have been proper to have added a phrase to that instruction in order to indicate that the driver of the Thomas car would be negligent in failing to do what a reasonably prudent person would have done under like circumstances. However, instructions given on a trial should be reasonably interpreted and liberally construed with a view to substantial justice. 14 R. C. L. 817, Congress & Empire Spring Co. v. Edgar, 99 U. S. 645, 25 L. Ed. 487. Though instructions may be technically incorrect from the standpoint of exact legal science and procedure, yet a practical consideration, such as a jury of laymen may have given, may justify a decision that they were correct. Chambers v. Hawkins, 233 Ky. 211, 25 S. W. 2d 363. Although Instruction Number 2 was technically incorrect or incomplete, it is beyond our belief that the jury was misled. The jury could understand and did understand, we think, that it was the duty of the driver of the Thomas car to prudently control his car if he saw the impending danger in time to effectuate such control and that in

failing to do so, if he did so fail, he was negligent. Also, it may be observed in passing that appellant's own evidence showed that her driver did in fact fail to do any of the things mentioned in Instruction Number 2, all witnesses agreeing that the Thomas car continued its unchanged course until the collision occurred, but measurement of this failure by its yardstick of negligence was left to the jury.

The third question for our consideration is whether the argument of appellee's counsel constituted such misconduct as to prejudice appellant's substantial rights. This argument consisted of a criticism of one of the court's instructions, including counsel's remark that there was a "tricky part" in the instruction and a statement of counsel's belief that the instruction was incorrect even though, as counsel himself stated in the argument, both he and the jury must be bound by the instruction as given. The court mostly sustained appellant's objections as the argument proceeded and the court admonished the jury in one or two instances as to what it should or should not consider in relation to the tenor of appellee's argument. No motion was made for discharge of the jury. It has been frequently held by this court that if the attention of the court is called to an improper argument, and if the jury is admonished in regard to it, a reversal of the judgment will not be had unless it appears that the argument is so prejudicial under the circumstances of the case that the admonition of court will not cure it. Hilton v. Comm., 13 Ky. 158, 16 S. W. 826; Cotrell v. Comm., 13 Ky. 305, 17 S. W. 149; Clark v. Comm., 111 Ky. 443, 63 S. W. 740; Thomas v. Comm., 196 Ky. 539, 542, 245 S. W. 164. Great latitude must be allowed counsel in making argument, and unless the argument is clearly beyond limits of propriety, a judgment should not be reversed on that ground. Considering the argument of appellee's counsel, which is copied at full length in this record, we are willing to say some of it was improper but we do not believe it was so prejudicial as to have affected the jury's verdict or the outcome of appellant's trial. We believe that whatever impropriety there was in appellee's argument was reasonably well cured by appellant's sustained objections and by the court's admonitions to the jury.

Wherefore, having carefully considered all of appellant's assigned errors, we believe that none of them

prejudiced her substantial rights to the extent of justifying this court in reversing the judgment against her that was founded on a jury's verdict, which was based upon its theory that the causative forces of this accident did not proceed from the wrongful conduct of her adversary on the trial.

Judgment affirmed.