## Geoghegan v. Daugherty.

February 15, 1949.

T. C. Carroll for appellant.

J. D. Buckman, Jr., for appellee.

Opinion of the Court by Judge Helm—Affirming.

This is an appeal from a judgment awarding appellee $2500 damages against appellant.

On March 14, 1949, appellee, Mrs. Terry Marriman Daugherty, 22 years of age, weighing 165 pounds, was returning to her home along Highway 61 from Shepherdsville. A part of the way, she rode with Clifford Lee in his truck south along the highway. Lee let her out of the truck on the right side of the highway, just north of the driveway on the opposite side of the road leading to the Daugherty residence. Another truck was just behind Lee. The two trucks pulled out; she stepped out on the highway, looked both north and south, didn't see any cars coming toward her from either direction. The pavement of the highway was 20 feet. She started across, and when she was approximately three-fourths of the way across she was struck by something and knocked and carried for a distance of 76 feet north along the highway from the point where she was struck. There was a clear view south along the highway for about 698 feet. She was struck by appellant, who was driving a seven-passenger Buick car. He states that he was driving about 35 miles per hour, and didn't see appellee until he was within about 20 feet of her; that he struck her with the front part of his car, at a time when his right wheel was off the black top on his right side of the road.

The mother of appellee, who was keeping the Daughtery children while appellee had been to Shepherdsville, said that she heard the truck stop; got up and looked through the full glass door facing the highway; saw her daughter; saw the appellant coming north along the highway—he was going fast. After the accident, she stated that appellant said he was driving too fast; that he would see that appellee was taken care of. When the mother got out to her daughter "she was laying there on the side of the road practically unconscious; couldn't speak and she was bleeding quite a bit about the head."

Appellee was taken in an ambulance to the hospital where she remained eight days. She was incapacitated from doing any work at all for two months after she came home. She states that she had three broken ribs, and a concussion to the back of "her head." At the trial on November 9, 1947, she stated that she was still sore through her chest, and still had "an awful lot of pain through" her hips, and that the "three scars on my face are permanent." She stood up before the jury and showed them the scars, "one across my nose" and the other two on her face. Her doctors' bills were $252, hospital bill, $108, and nurse's bill, $16. The jury awarded plaintiff $2500.

Appellant contends that his motion for a directed verdict should have been sustained, and cites Illinois Central Railroad Company v. Bozarth's Adm'r, 212 Ky. 426, 279 S.W. 636, and Chesapeake & O. R. Co. et al. v. Bryant's Adm'r, 272 Ky. 339, 114 S.W.2d 89, 90. In those cases it was shown that the plaintiffs stepped in front of on-coming trains without looking. That is not the testimony in this case.

No physician was introduced. There was no proof of permanent impairment of power to earn money.

Appellant contends that the verdict of the jury is excessive. As we have pointed out, her expenses were $376, leaving an award of something more than $2100 for her injuries, pain and suffering, and mental anguish on account of the scars on her face. The jury saw and heard her.

In Aetna Oil Co. v. Metcalf, 300 Ky. 817, 190 S.W.2d 562, 563, we said:

"There is no rule of law fixing a monetary measure of damages for pain and suffering in personal injury cases. But the matter must be left to the sound discretion of the jury, whose verdict will not be disturbed unless it appears to have been influenced by partiality or prejudice, or that the jury have been mislead as to the merits of the case."

In Ouerbacker Coffee Company v. Koop, 212 Ky. 824, 280 S. W. 146, 147, we said:

"While the verdict is large, the jury saw and heard the witnesses, and the conclusion of 12 men selected from

the different walks of life, seeing and hearing the witnesses, is the best means the law has ever devised for settling such questions, and their finding will not be disturbed on appeal unless so excessive as to indicate mistake on their part or passion or prejudice."

In cases such as this, usually the best that can be done is to leave what is fair and right to the judgment and discretion of the jury. We are not authorized to and do not interfere with the judgment and discretion of the jury, unless it appears that their assessment was influenced by passion or prejudice, or is so unreasonable as to appear at first blush to be disproportionate to the injuries sustained.

From the facts and circumstances shown in this record, we are of the opinion that a verdict of $2500 is not excessive.

The judgment is affirmed.