**GREATHOUSE et al. v. MITCHELL.**
**GREATHOUSE v. CHEAP.**

Court of Appeals of Kentucky.

June 6, 1952.

for $596.50 against Greathouse and 'Bishop for damages done Mitchell's truck, and a judgment in favor of Cheap for $1,266.50 against Greathouse alone for personal injuries. A reversal of the judgment is sought on four grounds: 1. A continuance should have been granted defendants; 2. plaintiffs were guilty of contributory negligence as a matter of law; 3. the verdict in favor of Cheap is excessive; 4. improper argument of plaintiffs' counsel.

Around noon on June 30, 1950, the Chevrolet farm truck of Greathouse was being driven in a westerly direction on Leestown Pike in Fayette County by his employee, Frank Bishop. Two dump-trucks loaded with stone, owned by Mitchell and driven by his employees, were also proceeding in a westerly direction on this road behind the Greathouse truck. As the Greathouse truck approached the entrance to the Treeford-Anderson Dairy, it pulled to the right of the road and stopped as its driver intended to make a left turn into the dairy entrance. The first stone-truck passed to the left of the Greathouse truck, but as Cheap, the driver of the second truck, attempted to pass the 'Greathouse truck, the driver of the latter, Bishop, turned left to enter the dairy and the two vehicles collided.

Mitchell sued Greathouse and his driver, Frank Bishop, for $750 damages to his truck; while Cheap sued only Greathouse for $5,690 for personal injuries, hospital bills and loss of time from his work. Greathouse and Bishop filed separate answers to the first action wherein each entered a general denial followed by a plea of contributory negligence, and Greathouse counterclaimed against Mitchell for $300 damages to his truck. Mitchell's answer to the counterclaim was a general denial and a plea of contributory negligence. Greathouse's answer to Cheap's petition was a general denial followed by a plea of contributory negligence and he counterclaimed against Cheap for $300 damages to his truck. Cheap's answer to the counterclaim was a general denial and a plea of contributory negligence.

There is no merit in the first ground assigned for reversal, that the court erred

---◆---

Grover C. Thompson, Walter L. Brock, Jr., Lexington, for appellants.

McCann & Atchison, Lexington, for appellees.

SIMS, Justice.

These two actions arose out of a truck accident in Fayette County. They were consolidated for the purpose of trial which resulted in a judgment in favor of Mitchell

in not granting defendants' motion for a continuance on account of the absence of a material witness, George Tester. This witness was present on the first day of the trial, but while coming to court on the second day was injured and taken to a hospital. Greathouse moved that the jury be discharged and the case continued, which motion was overruled, and the affidavit of Greathouse as to what Tester would testify was read to the jury as the deposition of the absent witness in accord with § 315 of the Civil Code of Practice.

 The familiar rule is that the trial court has a broad discretion as to whether to permit the affidavit of the absent witness to be read as his deposition or grant a continuance, and his ruling will not be disturbed here unless that discretion has been abused. Madisonville H. & E. R. Co. v. Allen, 152 Ky. 706, 154 S.W. 5; Holliday v. Cornett, 196 Ky. 427, 244 S.W. 875. Here, the trial had been in progress a day and much time and expense would have been lost had the court discharged the jury and continued the case. The affidavit shows the testimony of the absent witness was to the effect that Cheap was driving at a speed of 60 miles per hour and right after the collision offered the witness $10 "not to tell" how fast he was going just before the collision. There were other witnesses as to the speed of the truck. And as to the offer of the $10, that was practically as effective in affidavit form as if Tester had testified in person. Therefore, it follows the court did not err in refusing the continuance.

 The evidence shows the second stone-truck driven by Cheap was only about 75 feet behind the first stone-truck. Greathouse argues as this fact shows Cheap was violating KRS 189.340(6)(b),[1] he was guilty of negligence per se, citing Rutherford v. Smith, 284 Ky. 592, 145 S.W.2d 533. True, this Smith case correctly holds the violation of a traffic statute by a motorist makes him guilty of negligence per se, but it further holds unless that negligence contributed to the accident, he is not precluded from a recovery. Also see Berry v. Jorris, 303 Ky. 799, 199 S.W.2d 616; Brown Hotel v. Levitt, 306 Ky. 804, 209 S.W.2d 70; Murphy v. Homans, 286 Ky. 191, 150 S.W.2d 14. The violation of the statute just referred to had no connection with the accident, hence Cheap is not prevented from recovery on account of his own negligence in violating the statute. Manifestly, the statute was enacted by the General Assembly to aid traffic in passing trucks on the highway proceeding in the same direction as the traffic desiring to pass.

 The evidence was conflicting as to whether the speed of the truck Cheap was driving was 25 or 60 miles per hour, and as to whether Cheap sounded his horn when about to pass the Greathouse truck. Likewise, it was conflicting as to whether the "direction indicator" on the Greathouse truck showed its driver intended to turn left across the highway. Therefore, it was for the jury to determine which driver was negligent, and the evidence was sufficient to sustain a verdict either way.

 We cannot say that the $1,266.50 awarded Cheap in damages is excessive. The record shows he was earning $50 a week and had lost six weeks from work, or $300. His hospital and doctor's bills, including the removal of a tumor from his left shoulder which Dr. H. G. Wells testified could have been caused by the accident, were $114. This left Cheap $852.50 for his pain and suffering. Dr. John R. Sprague testified the x-ray disclosed Cheap suffered "a questionable incomplete fracture of the right scapula (shoulder blade)"; that Cheap had "multiple abrasions and bruises of the right shoulder and upper back", and complained of pain in his chest and right shoulder.

We have written that there is no rule of law fixing the monetary measure of damages for pain and suffering in personal injury cases and the amount of the verdict of necessity must be controlled by the facts in the individual case. Damages naturally must be left to the sound discretion of the

---

1. The statute provides the operator of a motor truck upon a highway outside a business or residential district must not follow within 250 feet of another motor truck, except when passing.

jury, whose verdict will not be disturbed unless it appears to have been influenced by partiality or prejudice, or the jury was misled as to the merits of the case. Aetna Oil Co. v. Metcalf, 300 Ky. 817, 190 S.W.2d 562; Geoghegen v. Daugherty, 309 Ky. 383, 217 S.W.2d 953. Applying this rule to the facts here, we cannot say that the damages are excessive.

 Unfortunately, the trial judge had to leave the bench temporarily after instructing the jury and the parties agreed to allow an attorney of the Lexington bar to preside during the argument. Mr. Marshall McCann, representing the plaintiffs, criticized the instruction, that if both parties' concurrent negligence caused the accident, the jury would find for neither, saying it "was setting a trap for the jury". We believe had Judge Adams been on the bench at the time he would have sustained an objection and at least reprimanded the attorney for it was contemptuous conduct to say that the judge set a trap for the jury by giving this instruction at the request of the defendants. This court in Hurst v. Williams, 102 S.W. 1176, 31 Ky. Law Rep. 658, criticized an argument wherein the attorney told the jury to consider only one instruction. And in Thomas v. Smith, 302 Ky. 636, 195 S.W.2d 274, we condemned an argument which referred to a "tricky part" in an instruction. There are other parts of Mr. McCann's argument appearing in the bill of exceptions which were improper, such as when he referred to the witness Tester as living in "Harry Gordon's junk yard in Irish Town", when there is no evidence to that effect.

However, the attorney sitting temporarily for Judge Adams did not rule on the objections to the improper argument and we cannot consider them. An objection to the remarks and conduct of counsel must be made at the time and a ruling had thereon, else they cannot be considered on appeal. Bland v. Gaither, 11 S.W. 423, 10 Ky.Law Rep. 1033. Such exception must be taken in a manner to give counsel reasonable opportunity to learn of it. Empire Taxi Service v. Hagan, 290 Ky. 821, 162 S.W. 2d 177. If the judge is not in the courtroom, the matter should be called to his attention and his ruling obtained before the case is submitted to the jury. Birkhead v. Home Ins. Co., 259 Ky. 175, 82 S.W.2d 310.

Lawyers take a great chance in making an improper argument. It is seldom that such argument helps their cause and it is more likely to repel the jury than to impress it. Certainly, such argument leaves a bad taste in the mouth of a court and may deprive the transgressor of a victory he has won by questionable, if not unfair, tactics. While great latitude is allowed in a jury argument, this must not be taken as a license to go outside of the record, or to make himself contemptuous to the court.

The judgment is affirmed.