Lois TUPTS by and through Marshall A. Dawson, guardian ad litem, Appellant,

v.

Edmund L. JUDY and Kentucky Utilities Company, a corporation, Appellees.

Lois TUPTS, by her next friend, Ira Tupts, Sr., Appellant,

v.

KENTUCKY UTILITIES COMPANY, a corporation, and Kenneth Gene Wade, Appellees.

Ira TUPTS, Jr., by his next friend, Ira Tupts, Sr., Appellant,

v.

KENTUCKY UTILITIES COMPANY, a corporation, and Kenneth Gene Wade, Appellees.

Court of Appeals of Kentucky.

Oct. 22, 1954.

Marshall A. Dawson, Colvin P. Rouse, Paul D. Rehm, Versailles, for appellants.

Robert M. Odear, Lexington, J. C. McKnight, Georgetown, for appellees.

CLAY, Commissioner.

This is a motor vehicle collision case in which verdicts were directed for the defendants. On this appeal plaintiffs do not raise any question concerning one of the directed verdicts, and we will therefore consider only the issues presented in their brief.

Plaintiff, Lois Tupts, was driving her automobile eastwardly on U.S. 60 about four miles west of Versailles. As she came over the top of a hill a truck of the principal defendant, coming from the opposite direction, was turning to its left into a driveway on the plaintiff's side of the road. She first swung left to pass this truck, but observing another oncoming car, pulled back into her lane, and being unable to stop, struck the right rear of the truck. According to witnesses the driveway into which

the truck was turning was located from 150 to 250 feet from the crest of the hill.

The plaintiffs' only contentions on this appeal are that the driver of the principal defendant's truck violated three statutory duties. The first duty allegedly violated is imposed by KRS 189.340, which requires motor trucks to maintain a distance of 250 feet from another similar vehicle traveling in the same direction. Apparently the truck involved in the collision had been following closer than that to another truck of the same defendant which had already completed its turn into the driveway prior to the collision.

The simple answer to this contention is that the prior proximity of the two trucks on the highway (which was not shown specifically in the evidence) had nothing whatever to do with this accident. Assuming defendant's driver had violated this statute, it had no possible causal connection with the accident, and therefore it cannot be a basis of defendant's liability. See Greathouse v. Mitchell, Ky.1952, 249 S.W.2d 738.

Plaintiffs' next contention is that KRS 189.340(4) (a) was violated. This statute prohibits the driving of a motor vehicle to the left side of the roadway when approaching the crest of a grade. In Wilburn v. Simons, 302 Ky. 752, 196 S.W.2d 356, we recognized that this statute was not designed to prohibit a person from making a left turn into a driveway, and that the mere fact of doing so does not constitute negligence.

The remaining contention with respect to negligence is that the driver of the truck violated KRS 189.390(5). This statute provides as follows:

"No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

Obviously it was necessary in the safe operation of the truck to drive it at a slow speed in making the turn into the driveway. Plaintiffs' evidence fails to show that the manner in which the truck driver was making this turn was in any respect negligent. It is true that the driver of the automobile stated she did not think the truck was moving when she first saw it, but its position when struck shows clearly that it had moved across the highway from the point where it was first observed. Even assuming the truck had stopped at some point in making the turn, its presence on the highway was a condition and not a cause of this accident. Plaintiffs' own testimony established that the collision was caused solely by the negligence of the driver of the automobile.

Since plaintiffs failed to prove any negligence on the part of defendants, the verdicts for the latter were properly directed.

The judgments are affirmed.