Ted R. OSBORN et al., Appellants,

v.

AMERICAN STATES INSURANCE COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Jan. 23, 1970.

**770**

William H. Beck, Lexington, for appellants.

Robert H. Measle, Thomas E. Harris, Fowler, Rouse, Measle & Bell, Lexington, for appellees.

STEINFELD, Judge.

Appellee, Martin Petty, brought suit against appellants, Ted R. Osborn, John Sutterfield and Mack Walters to recover $25,000, interest and costs on their promissory note dated May 24, 1963. Appellee, American States Insurance Company, intervened alleging Petty had assigned the note to American. Pursuant to a jury verdict for the amount sued for, judgment was entered for American against the three defendants. From that judgment only Osborn and Sutterfield appeal, claiming that the court erroneously refused to give an instruction they tendered and failed to curb improper argument by appellees' counsel. We affirm.

Nearing the end of the primary campaign for the Democratic nomination for Governor of Kentucky in May 1963, certain men favoring the candidacy of A. B. Chandler were using promissory notes to raise money to finance the campaign. At least three times there was borrowed the sum of $25,000 on promissory notes usually signed by five citizens with the understanding among them that the signatories would equally share the obligation and payment of said notes. There was no agreement or understanding as to what would happen if less than five signatures were obtained after some had signed. It appeared that Martin Petty was active in raising the funds and the evidence was uncontradicted that the $25,000 raised on the note reached the intended destination and was distributed in the campaign.

Osborn and Sutterfield admitted signing the note but contended that the understanding was that there would be five signers. There was conflicting evidence. They claim that when they signed the note it was payable to First Security National Bank & Trust Co. but that later without their authority it was altered by obliteration through the bank's name and the name Martin Petty was substituted as the payee. They also contend that there was failure of the agreed consideration in that three instead of five persons signed.

The trial court ruled that neither Petty nor American was a holder in due course and submitted the case to the jury on the single issue of whether or not the note had been altered after it was signed by Osborn and Sutterfield. The appellants insist that the court also should " * * * have submitted the issue of consideration as supplied by mutual donations." An instruction was offered and refused which read:

"If the jury believes from the evidence that at the time the defendants signed the note sued on that the plaintiff had not and did not transfer any valuable consideration to the defendants, then the law is for the defendants and you shall so find."

■ Appellants say "The consideration for the subject note would have been incorporeal in nature. The proceeds secured * * * were to be several donations to a political campaign * * * but the legal consideration for each of the signatures was to be the donation of each of the other signatories." They insist that Petty had the duty " * * * to get the proper signatures and have in hand a properly drawn instrument according to the agreement of the parties * * *" that having failed and " * * * there being no other tangible or intangible property to be given up or received, then consideration was lacking and Petty turned over the sums he gathered from three different sources on his own responsibility." Appellants offered no instruction which encompassed the theory of the claimed missing signatures. The tender of such instruction was a prerequisite to raising that issue here.

We may observe also that the issue which the appellants are seeking to argue is really one of conditional delivery which their offered instructions did not include. They presented only the issue of lack of consideration and the trial court reasoned " * * * that all that was necessary was to show a detriment to the promisee" and the money having been loaned on the note

the detriment was apparent. To sustain the ruling rejecting the tendered instruction appellees cite American Law Institute's "Restatement of the Law of Contracts", Section 75(1) which says that:

"(1) Consideration for a promise is an act other than a promise, or a forbearance, or the creation, modification or destruction of a legal relation, or a return promise, bargained for and given in exchange for the promise. (2) Consideration may be given to the promisor or to some other person. It may be given by the promisee, or by some other person."

Illustration number six in that work is:

"A makes a promissory note payable to B in return for a payment by B to C. The payment is consideration for the note."

Appellees also refer us to Williston on Contracts, 3rd Edition, Section 102, at page 375 which states:

"The requirement ordinarily stated for the sufficiency of consideration (sometimes referred to as the 'reality' of consideration) to support a promise is, in substance, a detriment incurred by the promisee or a benefit received by the promisor at a request of a promisor."

Also cited are Luigart v. Federal Parquatry Mfg. Co., 194 Ky. 213, 238 S.W. 758 (1922); Citizens Nat. Bank of Glasgow v. Damron, 286 Ky. 43, 149 S.W.2d 762 (1941); Phillips v. Phillips, 294 Ky. 323, 171 S.W.2d 458 (1943); 17 Am.Jur.2d 437 Contracts, Section 94 and 11 Am.Jur.2d 245 Bills and Notes, Section 216.

■ The note was signed to raise $25,000 for the political campaign. The money was loaned by reason of the note and it was paid into the campaign fund. The court properly refused the tendered instruction. Citizens Nat. Bank of Glasgow v. Damron, supra.

Appellants complain of the failure of the court to sustain objection to certain

statements made during the closing argument by counsel for appellees. The sole issue submitted to the jury was whether the note was altered by changing the name of the payee after it was signed. Two witnesses testified that it was not altered and three said that it was. The note was filled out by Mr. Leonard Smith who had died before the trial. The jury determined that the note was not altered.

The first comment, of which complaint is made, pertained to whether Mr. Smith had done "something illegal" in connection with changing the note. Appellants cite Louisville & N. R. Co. v. Smith, 27 K.L.R. 257, 84 S.W. 755 (1905); Dix v. Gross, 271 Ky. 231, 111 S.W.2d 673 (1937) and City of Newport v. Maytum, Ky., 342 S.W. 2d 703 (1961), and cases from other states all of which stand for the rule that it is improper to make comments with respect to matters extraneous to the case.

Appellees say there is no basis for this charge of error for the reason that appellants failed to timely object. They cite Bland v. Gaither, 10 K.L.R. 1033, 11 S.W. 423 (1889); Greathouse v. Mitchell, Ky., 249 S.W.2d 738 (1952) and Rodgers v. Cheshire, Ex'r, Ky., 421 S.W.2d 599 (1967), which sustain their position.

Later counsel for appellees made a similar comment at which time objection was interposed. Appellees contend that the objection was insufficient, that " * * * the proper remedy * * * would have been either to ask for an admonishment, or in the case of severe improper action move for a discharge of the jury panel, * * * ". They rely on Smith v. Dunning, 275 Ky. 733, 122 S.W.2d 781 (1938) and Dale v. Peden, Ky., 252 S.W.2d 687 (1952). In Smith we said " * * * that in such case, if deemed reversibly prejudicial and as having poisoned the minds of the jury against the plaintiff, her remedy was to move for a discharge of the panel, * *."

Appellees argue that the comments were appropriate because counsel was drawing " * * * logical inferences and conclusions that may be drawn from the undisputed testimony, that the note in fact was filled out in toto with the exception of the signatures, by Leonard Smith, and that if said note was changed then it is the obvious conclusion that Leonard Smith had to be a party to the changing of the note."

The issue of whether the note was changed before or after it was signed by the appellants was germane, therefore, the reference was not to extraneous matters. We do not consider it improper argument. Elliott v. Drury's Adm'x, 309 Ky. 814, 219 S.W.2d 3 (1949); State Farm Mutual Automobile Insurance Company v. Shelton, Ky., 413 S.W.2d 344 (1967) and Com., Dept. of Highways v. Reppert, Ky., 421 S.W.2d 575 (1967).

The judgment is affirmed.

All concur, except NEIKIRK, J., who was not sitting.