## Wood v. Indianapolis Abattoir Company of Kentucky.

(Decided December 4, 1917.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Master and Servant — Automobiles—Ownership and Agency. — Where an automobile was injured in a collision with a truck, a subsequent written demand upon the owner of the automobile for indemnity for repairs to "our machine," to which the name of the defendant was signed by the driver of the truck, is some proof of the ownership of the truck by the defendant and the driver's relation of agent of the defendant company, with authority to manage its business.

2. Master and Servant—Servant's Tort—Scope of Employment.— Where the chauffeur in charge of a truck was engaged in his own personal affairs, when the truck collided with an automobile and injured it, the owner is not liable for the injuries.

3. Master and Servant—Relation.—The owner of an automobile, negligently operated by his employee and causing injury, is not prima facie negligent, unless it appears that the employee was driving the automobile with the owner's authority, express or implied.

4. Master and Servant—Agent's authority.—The agent's authority of the master to drive an automobile at the time of an accident is implied when, under the terms of his employment, it is his duty generally to drive the automobile.

5. Master and Servant—Trial—Burden of Proof.—Upon proof of defendant's ownership of an automobile and that his chauffeur negligently operated it, causing injury, raises the presumption that the chauffeur was acting within the scope of his authority, since a chauffeur is a person employed to operate an automobile, whereupon the burden shifts to defendant to show that the chauffeur was not then acting for him.

6. Master and Servant—Trial—Question for Jury.—In an action for damages against the owner of a truck for colliding with plaintiff's automobile, where there was evidence that the defendant owned the truck, that its manager negligently operated it, at time of the

accident, causing injury to plaintiff, it was error to direct a verdict
for defendant since authority of the manager to operate the auto-
mobile is implied.

DUFFIN, SAPINSKY & DUFFIN for appellant.

O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

About nine o'clock p. m. October 15, 1915, the ap-
pellant, plaintiff below, while operating an automobile
going north on Fourth street, in the city of Louisville,
collided with a motor truck, admittedly the property of
appellee, going west on Oak street. To recover damages
for the injuries sustained by him, plaintiff instituted this
action, alleging that the collision resulted from the negli-
gence of the defendant, through its agent in charge
thereof negligently and carelessly operating the motor
truck so as to cause same to collide with plaintiff's au-
tomobile.

At the trial, plaintiff introduced as witnesses in his
behalf himself and two occupants of the automobile, by
whom he proved that, at the time of the accident, which
occurred at the intersection of Fourth and Oak streets,
plaintiff was driving his automobile at a speed of about
twelve miles an hour; that, as he approached the street
crossing, he sounded the automobile horn and looked in
each direction along Oak street to see if the way was
clear; that the lights upon his automobile were burning;
that defendant's truck, without warning of any kind and
without its lights burning suddenly came from Oak
street into Fourth street at great speed, directly in front
of plaintiff's automobile and so close to it that, although
he applied the brakes as soon as he was aware of the
presence of defendant's truck, he was unable to stop his
machine in time to avoid the collision; that his automo-
bile struck defendant's truck, causing him to be thrown
forward on the steering wheel, as a result of which he
sustained serious injuries; that the plaintiff and the
person operating the truck, immediately after the col-
lision, engaged in conversation, in which plaintiff asked
him his name, in response to which the party gave to
plaintiff a card bearing the name Indianapolis Abattoir
Company, the defendant, with the name of F. W. Hill
near the left and lower corner of the card; and that the
plaintiff thought Mr. Hill was the manager of the com-

pany. Plaintiff also introduced in evidence a letter received by him shortly after the accident complained of, which is as follows.:

"INDIANAPOLIS ABATTOIR COMPANY
of Kentucky
BEEF & PORK PACKERS.
Louisville, Ky.
U. S. A.

"Oct. 25, '15.

"Mr. H. I. Wood,
514 West Main St.,
City.

"Dear Sir:—

"We would like to be advised as to what you intend to do about the repair bill to our machine damage caused by you in a collision at 4th & Oak Street.

"Trusting you will favor us with an early reply.

"Very truly yours,
INDIANAPOLIS ABATTOIR Co.,
of Kentucky.

F. W. Hill."

This letter not only proves defendant owned the truck, but also tends to confirm the qualified statement of plaintiff that Mr. Hill was manager of the company.

At the close of plaintiff's testimony, the defendant entered a motion for a peremptory instruction, which was sustained and a verdict returned for the defendant, upon which a judgment was entered dismissing plaintiff's petition; and from that judgment he appeals.

The evidence introduced by the plaintiff, we think, sufficiently proved that the proximate cause of plaintiff's injuries was the negligent manner in which the defendant's truck was being operated by Mr. Hill, and that Mr. Hill was the manager of the defendant company. The only question involved upon the appeal is whether or not, under proof of these facts, the case should have been submitted to the jury.

The decision of the question depends upon whether or not the burden was upon plaintiff to prove that, at the time of the accident, the defendant's agent, Mr. Hill, was engaged in the business of the defendant; that is, acting within the scope of his authority as its agent, because, unquestionably, defendant's liability depends upon whether or not Mr. Hill was, at the time of the accident, engaged in the business of the defendant, for,

although he was an employe or agent of the defendant, the company would not be liable if he was engaged in his own personal affairs, or acting beyond the scope of his authority as its agent. Tyler v. Stephens, 163 Ky. 770; Louisville Lozier Co. v. Sallee, 167 Ky. 499.

As to what proof is sufficient to make out a *prima facie* case for plaintiff under such circumstances and to raise a presumption that the agent of the defendant was, at the time of the accident, engaged in the master's business and acting within the scope of his authority, has not been decided in this state and the authorities elsewhere are not harmonious. The authorities upon this question were reviewed bv the Ohio Supreme Court in the rather recent case of White Oak Coal Co. v. Rivoux, 102 N. E. 302, 46 L. R. A. (N. S.) 1091. There, it was held that, although it was proven the automobile was owned by the defendant, and the same was negligently operated by an employe, causing the injuries complained of, these facts do not make a *prima facie* case of negligence against the owner, unless it appears that the employe was driving the automobile with authority, express or implied, of the owner and therefore presumably upon his business. The question is purely one of evidence and in all of the states, with the possible exception of Pennsylvania, the authorities seem harmonious to the extent that proof merely that the defendant was the owner of the automobile, at the time of an accident resulting from its negligent operation, does not raise the presumption that the defendant is liable. There is some authority to the effect that proof that the defendant, at the time of the accident, was the owner of an automobile, which was being negligently operated by his employe, regardless of his duties under the employment is sufficient to raise the presumption; but the great weight of authority supports the rule adopted in White Oak Coal Co. v. Rivoux, *supra,* and this seems to us the better rule.

The authority of the master is implied when it is the duty generally of the agent, under the terms of his employment, to drive the automobile and when the authority, either express or implied, is proven the presumption is indulged the employe was on the master's business. Thus, it has frequently been held that where it not only appears that the defendant was the owner of the machine, but also that it was in charge of his chauffeur, an employe whose duties are to operate an automobile, at the time the injury occurred, such evidence raises

a presumption that the chauffeur was engaged in the defendant's business and acting within the scope of his employment, and the burden then shifted to the defendant to prove that the chauffeur was not, at the time, acting for him. Long v. Nute, 123 Mo. App. 204; Shamp v. Lambert, 142 Mo. App. 567; Marshall v. Taylor, 168 Mo. App. 240; Stewart v. Baruch, 93 N. Y. S. 161; Christensen v. Christiansen (Tex.), 155 S. W. 995; Ludberg v. Barghoorn (Wash.), 131 Pac. 1165; Burger v. Taxicab Motor Co. (Wash.), 120 Pac. 519; Riley v. Roach, 168 Mich. 294; Hayes v. Wilkins, 194 Mass. 223; Rahn v. Singer Mfg. Co., 26 Fed. 912.

So, in the instant case, the question narrows down to whether Mr. Hill's employment and duties, at the time of the accident, implied an authority to operate the truck. It was held in White Oak Coal Co. v. Rivoux, *supra,* that the duties of the defendant's bookkeeper who was operating its automobile at the time of the accident were confined absolutely to his work in the office, as shown by plaintiff's evidence, and that he had no implied authority to operate an automobile, purchased for and used by an employe in another department or branch of the business. In the instant case, however, there was proof that Mr. Hill was the manager of the defendant company; and while it may be presumed that ordinarily it was not his duty to operate a truck, it cannot be doubted that, as manager, he had the authority of the owner so to do, which raises the presumption that he was, when so doing, upon the owner's business.

We, therefore, conclude that plaintiff's proof to the effect that the defendant owned the truck and that the accident was the result of the negligence of Mr. Hill, defendant's manager, in its operation, was sufficient not only to prove his authority, but also to raise the presumption that he was operating the truck for the defendant; and that the plaintiff made out a *prima facie* case and the burden shifted to the defendant to show that Mr. Hill, at the time of the accident, was not engaged in the company's business.

For the reasons indicated, the judgment is reversed and cause remanded for proceedings consistent herewith.