## Gainesboro Telephone Company v. Thomas.

(Decided May 16, 1930.)

BRUCE & BULLITT, R. LEE BLACKWELL and JOHN E. TARRANT for appellant.

J. E. WISE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This litigation grows out of a collision between an automobile truck owned and driven by the appellee, C. H. Thomas, and an automobile truck driven by one Floyd Wright. It is claimed by the appellee that the truck driven by Wright was the property of the Gainesboro

Telephone Company, and that Wright at the time of the accident was the agent of the Gainesboro Telephone Company and was acting within the scope, or apparent scope, of his authority. The accident occurred on the morning of March 8, 1929, near the town of Muldraugh on the Dixie Highway between Louisville and Elizabethtown. C. H. Moore is the manager of the Gainesboro Telephone Company and of six other telephone companies, including the Moore Telephone Company. The relation, if any, between these various companies does not appear.

On March 7, 1929, Moore telephoned to Wright, who was at Somerset, Ky., to report to the Moore Telephone Company at Auburn, Ky., as soon as possible. It is claimed that the point where the accident occurred is not on the most direct route between Somerset, Ky., and Auburn, Ky., and that Wright, even if it be conceded that he was driving a truck of the Gainesboro Telephone Company and was that company's agent, had deviated from his course for some purpose of his own and had abandoned his master' service. In view of our conclusion that there is no competent evidence tending to show that Wright was in the service of the Gainesboro Telephone Company when the accident occurred, it is unnecessary to determine whether or not as a matter of law the facts as disclosed by the record show that he had abandoned his master's service at the time of the accident.

Wright was driving in a southerly direction and as he approached the crest of the hill near Muldraugh he observed a truck parked on the right side of the road headed in the direction in which he was driving. He swerved to the left to pass the parked truck and in so doing his truck collided with the truck driven by appellee which was traveling in the opposite direction. The truck owned and driven by Thomas was badly damaged in the collision, and Thomas suffered personal injuries. He brought this suit against the Gainesboro Telephone Company and recovered a judgment for $565. The company has appealed.

Jack Gross, an employee of the Hardin County Telephone Company, one of the companies of which Moore was manager, was introduced as a witness by the plaintiff Thomas. On direct examination he testified that the truck driven by Wright was owned by the Gainesboro Telephone Company, and that Wright was a Gainesboro Company driver. On cross-examination he testified that

he did not know whether or not Wright was an employee of the Gainesboro Telephone Company at the time of the accident. On redirect examination he was asked this question and made this answer: "Q. You told me that it was a Gainesboro truck and a Gainesboro driver? A. That is what I have been informed; I don't know whether that is correct or not." He further testified, in substance, that he had been informed that the truck driven by Wright was the property of the Gainesboro Telephone Company, and he inferred from this that Wright was an employee of that company. Moore testified positively that Wright was not an employee of the appellant company at the time of the accident, but was in the service of the Moore Telephone Company. A number of witnesses who were present when the accident occurred testified as to statements made by Wright at the time which indicated that the truck driven by him was the property of the Gainesboro Telephone Company, and that he was an employee of that company.

At the conclusion of the evidence for the plaintiff, the court excluded all evidence relative to statements made by Wright apparently upon the theory that his agency had not been established by competent evidence. This ruling of the court was proper, since the only testimony tending to show that the truck driven by Wright was owned by appellant, or that Wright was its employee, was that given by Gross, and Gross' knowledge of the facts was based upon hearsay statements, and was therefore incompetent and should have been excluded. Covington & Cincinnati Bridge Co. v. Goodnight, 60 S. W. 415, 22 Ky. Law Rep. 1242; Davis v. Butler, 198 Ky. 795, 250 S. W. 126. With this testimony excluded there was not a scintilla of evidence tending to show that the truck driven by Wright was the property of the Gainesboro Telephone Company, or that Wright was the company's employee. On the contrary, Moore testified that Wright at the time of the accident was an employee of the Moore Telephone Company. Even had it been established that the truck was the property of appellant, that alone would not create a presumption that Wright was an employee of the owner and was acting within the scope of his authority. Doss v. Monticello, etc., Power Co., 193 Ky. 499, 236 S. W. 1046; Bowen v. Gradison Construction Co., 224 Ky. 427, 6 S. W. (2d) 481; Jeffrey v. Osage Manufacturing Co., 197 N. C. 724, 150 S. E. 503.

Where damage is caused by an automobile negligently operated, and the established facts show that at the time of the accident it was in charge of the owner's servant, who was employed or authorized to operate it, the presumption is raised that the person so in charge was acting within the scope of his employment. Wood v. Indianapolis Abattoir Co., 178 Ky. 188, 198 S. W.. 732; White Oak Coal Co. v. Rivoux, 88 Ohio St. 18, 102 N. E. 302, 46 L. R. A. (N. S.) 1091, Ann. Cas. 1914C, 1082. However, facts were not established sufficient to bring the instant case within this rule. On another trial, if the evidence is substantially the same, the court will peremptorily instruct the jury to find for the defendant. All questions not discussed are reserved.

Judgment reversed for further proceedings consistent herewith.