## Penrod v. Devine.

Feb. 19, 1946.

T. O. Jones for appellant.

Hubert Meredith for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Dismissing Appeal.

Mrs. Pandora Penrod brought this action against Will Devine and G. W. Devine seeking to recover damages resulting from the alleged negligence in the operation of a truck owned by Will Devine and being driven by G. W. Devine. At the conclusion of the trial the jury returned a verdict in the following language: "We, the jury, find the defendant, G. W. Devine guilty, and fix his fine at $500.00." Upon that verdict the trial judge entered a judgment in favor of Mrs. Penrod against G. W. Devine in the sum of $500 and dismissed her petition as to Will Devine. An execution was issued on the judgment against G. W. Devine and the judgment was satisfied in full.

Mrs. Penrod is appealing from that part of the judgment dismissing her petition as to Will Devine. He has moved that the appeal be dismissed because the judgment against G. W. Devine has been satisfied in full.

As stated in the recent case of Miller's Adm'x v. Picard, 301 Ky. 157, 191 S. W. 2d 202, a person injured by a joint tort has a single and indivisible cause of action. He may proceed against the wrongdoers either jointly or severally, and may recover a judgment or judgments against all, but he can have but one satisfaction of his single cause of action. Neither may he split his cause of action. See also Sherwood v. Huber & Huber Motor Express Co., 286 Ky. 775, 151 S. W. 2d 1007, 135 A. L. R. 263. In 52 Am. Jur., Torts, sec. 131, it is said: "It is a rule announced generally in a number of cases that nothing but the satisfaction of a judgment, or something which the law deems equivalent thereto, can bar an action

against other tort-feasors. It is an implication of this rule that the satisfaction of such a judgment does operate as a bar. This implication finds affirmative support in other cases which specifically support the rule that the satisfaction of a judgment against one tort-feasor releases all from liability.''

In urging that her appeal should not be dismissed, Mrs. Penrod insists that the jury's verdict shows that actual damages were not assessed against G. W. Devine, but, in reality, the jury meant to assess a fine against him. While Mrs. Penrod objected to the court's action upon the verdict, and filed a motion and grounds for a new trial, which the court overruled, nevertheless she proceeded to have an execution levied upon the judgment, which, as we have noted, has been satisfied in full. Of course, no appeal can now be prosecuted from that part of the judgment.

In the light of the foregoing authorities, we think the appeal should be and it is dismissed.