## Cook v. Hall et al.

November 12, 1948.

Carl D. Perkins and W. W. Burchett for appellant.

Harkins & Harkins for appellees.

OPINION OF THE COURT BY CLAY, COMISSIONER—
Reversing.

These are consolidated actions in which appellees obtained judgments for personal injuries and property damage allegedly caused by the negligence of appellant's son in the operation of a delivery truck. Several grounds are urged for reversal, but we only deem it necessary to consider the right of appellant to a directed verdict.

Appellant's son, 15 years of age, took the truck out at night for a joy ride. He lost control of it as a result of skidding or otherwise and collided with the automobile in which appellees were riding. There was ample evidence to support a finding of negligence upon the part of appellant's son and to sustain the damages awarded.

Appellant contends he was entitled to a directed verdict on the ground that he was not responsible for the actions of his minor son on the night of the accident. He admitted that he had on a few occasions permitted his son to drive the truck in delivering groceries. He stated, however, that he had never given his son permission to drive the truck at night; he had not given permission on this occasion; and the truck was taken without his knowledge. The son testified he had not been given permission to drive the truck, and he picked up the ignition keys in his father's store without the latter's knowledge or consent. The testimony of other witnesses is to the effect that the son had been seen driving the truck in town on a few occasions.

One witness testified that immediately after the accident the boy stated he had his father's permission to drive the truck on this particular occasion. Such evidence was objected to as incompetent, but was apparently admitted by the trial Court as part of the res gestae. We believe that the Court should have sustained the objections to this testimony. It was hearsay and was not the type of evidence which is admissible as an exception to the general hearsay rule.

The testimony was not competent to prove the agency of appellant's son as declarations by the agent concerning this fact do not constitute admissions against his alleged principal. Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S. W. 2d 379.

The statements might have been admissible as a part of the res gestae if they related to the principal fact of the accident. As stated in 20 Am. Jur., Evidence, Section 662, such hearsay statements to be admissible must "in some way elucidate, qualify, or characterize the act in question." The act in question in this case was the collision between the two motor vehicles. Any spontaneous statements made by the parties involved in that accident which explained the manner or cause of the event would be admissible (if otherwise relevant) as an integral part of the event itself. However, the statement made by appellant's son concerned an entirely collateral matter. It had nothing to do with the accident and did not elucidate or characterize it. Under such circumstances, the statements constitute inadmissible hearsay evidence insofar as they tend to prove a fact at issue. If the statement was admissible at all, it would be only for the purpose of contradicting the witness and the jury must be so admonished. This was not done, and the jury improperly was permitted to consider this testimony as substantive proof.

Without the evidence just discussed above, there is none of substance upon which to base appellant's liability for the negligence, if any, of his son. See Gainesboro Telephone Company v. Thomas, 234 Ky. 373, 28 S. W. 2d 34. The "family purpose" doctrine may not be invoked because the truck was not used for the pleasure or convenience of appellant's family. It was a delivery truck, and no other use of it was shown except the one joy ride involved in this controversy. See Doss v. Monticello Electric Light & Power Co. (Doss Myers), 193 Ky. 499, 236 S. W. 1046.

The proof is insufficient to establish the statutory liability imposed by KRS 186.590, subsection 3, which provides:

"Every motor vehicle owner who causes or knowingly permits a minor under the age of eighteen to drive the vehicle upon a highway, and any person who gives

or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused by the negligence of the minor in driving the vehicle.''

As heretofore shown, there was no evidence that appellant had *knowledge* his son was using his truck at the time of the accident, nor was there other adequate evidence upon which to base a conclusion that appellant had *caused* his son to use it.

Other questions raised on this appeal are reserved, but in the event of a new trial and similar evidence, a verdict should be directed for appellant.

The judgment is reversed for proceedings consistent herewith.