Stella DARDEEN and Joseph Dardeen, Appellants,

v.

The GREYHOUND CORPORATION, Southern Greyhound Lines, Inc., Clay Moore Hardy and Alvin Thomas Hatten, Appellees.

Court of Appeals of Kentucky.

March 10, 1967.

Berling, Funk, Neace & McCarthy, Florence, for appellants.

Stoll, Keenon & Park, Lexington, L. M. Ackman, John Lane Ackman, Williamstown, for appellees.

CULLEN, Commissioner.

As a result of a collision between a Greyhound Bus and a dump truck of the Kentucky Department of Highways the appellant Stella Dardeen was injured. She and her husband (the appellant Joseph Dardeen) filed a claim with the Kentucky Board of Claims against the Highway Department. A few days later the Dardeens also filed suit in the circuit court against the appellee Greyhound Corporation, owner of the bus; the appellee Clay Moore Hardy, driver of the bus; and the appellee Alvin Thomas Hatten, driver of the dump truck. The Board of Claims gave an award of some $700 in favor of the Dardeens. They were not satisfied with it and appealed the award to the circuit court (which appeal apparently is still pending). However, as soon as the award was entered the appellees herein moved to dismiss the action against them, on the ground that the *entry* of the award against the Highway Department as one tortfeasor barred further prosecution of the action against them as other tortfeasors. The circuit court sustained the motion and entered judgment dismissing the action, from which judgment the Dardeens have appealed.

As to all of the appellees except the dump truck driver the judgment is erroneous. Mere *entry* of the award against the Highway Department did not raise a bar precluding action against the other tortfeasors; the bar would arise only from

*satisfaction* of the award. Sherwood v. Huber & Huber Motor Express Company, 286 Ky. 775, 151 S.W.2d 1007, 135 A.L.R. 263; Bach v. Bach, Ky., 288 S.W.2d 52; Prosser on Torts, 3rd Ed., Ch. 8, sec. 45, p. 267.

The judgment would be erroneous also as to Hatten, the dump truck driver, were it not for the provision of the Board of Claims law, in KRS 44.160, that "Any action prosecuted to award or judgment under the provisions of KRS 44.070 to 44.160 shall preclude the right of a claimant to sue the Commonwealth, its departments or agencies, or its officers, agents or employes in any other forum." In plain language this provision makes the *entry* of the award against the Highway Department a bar to suit against its employe, Hatten. We find nothing unconstitutional in this statute. Cf. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648. Therefore it requires the dismissal of the action against Hatten.

To the extent that it dismisses the action against Hatten the judgment is affirmed; in all other respects it is reversed with directions for further proceedings in conformity with this opinion.

All concur.