STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Mary Irene SHELTON, Appellee.

Court of Appeals of Kentucky.

March 31, 1967.

John B. Anderson, Owensboro, for appellant.

Gwin & Iler, Owensboro, for appellee.

MONTGOMERY, Judge.

This is a second appeal. See State Farm Mutual Automobile Insurance Company v. Shelton, Ky., 368 S.W.2d 734. On that appeal the court reversed the judgment and held that an insurer may show fraud and collusion to escape the general rule that an insurer who has a right to defend an action and has had timely notice of the action is bound by the judgment (when later sued by the injured person) as to those issues which were or might have been litigated in the original suit.

On re-trial verdict and judgment were rendered against the insurance company for $10,500, with 6% interest per annum thereon from February 25, 1964, the date of the last judgment. It has appealed and urges that the trial court erred in several instances in the admission or rejection of testimony and that appellee's counsel was guilty of misconduct in argument to the jury. By cross-appeal, Mary Irene Shelton urges that the trial court erred in denying her interest from the date of the original judgment against the insured.

In this action Mary Irene Shelton sued State Farm upon a judgment against Bernard Dowell, the insured, for $12,500, with 6% interest per annum from November 13, 1959, until paid. Originally appellee sued Dowell, I. M. Onstott, and Roy Sisk in the Daviess Circuit Court for injuries received when Sisk's truck struck the rear end of Onstott's car in which Onstott, Dowell, and appellee, together with one James Cooksey, were riding. Judgment of $12,500 was obtained against Dowell and Onstott. State Farm had refused to defend this action. The action was dismissed as to Sisk although judgment for $2,250 was obtained against him in Tennessee in another action. The collision occurred in Tennessee.

The fraud and collusion issue in the second trial of this action was based on

appellant's contention that Onstott, not Dowell, was driving the car and that appellee and Dowell fraudulently claimed that Dowell was the driver in order for the appellee to collect from appellant, Dowell's insurer.

Appellant contends that it should have been permitted to ask appellee concerning her testimony taken by discovery deposition in this action. The gist of the testimony in the deposition is that Sisk was at fault in the accident and that Dowell and Onstott did nothing to contribute to her injuries. She was then asked concerning her statements made in the deposition: "I wasn't suing them, I was suing the insurance company. * * * I just sued them for the insurance."

■ It is the position of appellant that such testimony shows fraud and collusion. The trial court held that this was an attempt to relitigate the issue of liability of Dowell and Onstott and that it had already been determined, as was held in the first appeal of this case. Obviously the first part of the statement dealt with fault. The second part, about suing Dowell and Onstott for the insurance, does not show fraud or collusion. It contains statements apt to be made by one unlearned in legal matters. The trial court correctly rejected such testimony as immaterial.

■ Likewise, the testimony concerning the injuries and the extent thereof suffered by appellee and offered by appellant was immaterial to the issue of fraud and collusion being tried.

■ The trial court refused for the same reason the offer of appellant to introduce a certified copy of a judgment obtained by appellee against Roy Sisk in Tennessee. This judgment was unsatisfied at that time. A person injured may proceed either jointly or severally against the tort feasors. Penrod v. Devine, 301 Ky. 629, 192 S.W.2d 817; Daniel v. Turner, Ky., 320 S.W.2d 135; 52 Am.Jur., Torts, Section 127, page 464.

■ Appellant complains that it was error to admit testimony by Dowell that he had told a state trooper investigating the accident that he (Dowell) was driving the car. It is insisted that such statement was inadmissible as hearsay. Before any objection was made, Dowell earlier had testified that he was driving the car. Further, it was not hearsay since it was a statement made by Dowell, of which he had knowledge and about which he could be cross-examined. See Preston v. Commonwealth, Ky., 406 S.W.2d 398, for authorities and discussion of principles. Gainesboro Telephone Company v. Thomas, 234 Ky. 373, 28 S.W.2d 34, is not applicable because there the witness was not speaking of his own knowledge but was repeating something told him. The trial court correctly admitted the testimony.

It is contended that the trial court could not take judicial notice of a Tennessee statute of which it was not apprised. Appellant moved for a directed verdict because the statute had not been read into evidence. The same answer is available to this objection as has been made to other claims of error. The statute may have been pertinent on the issue of liability but was not material on the issue of fraud.

■ Appellant's last contention is that appellee's counsel was guilty of misconduct in his argument before the jury in making these statements: "That State Farm Insurance Company through one or the other of their representatives paid to Cooksey and to his family the sum of Four Hundred Dollars to come into this Court and lie," and that appellee's counsel said to appellant's counsel, "Shame on you, John, for obtaining the lies of Cooksey on this witness stand and permitting him on this stand to lie."

The question of timeliness of objection to such argument is not considered. There was evidence to the effect that Cooksey had made inconsistent statements concerning whether Dowell was driving the car and that Cooksey had received $400. Under the

circumstances the testimony gave rise to a legitimate inference that Cooksey may have received the money to change his statement. The argument was permissible. Elliott v. Drury's Adm'x, 309 Ky. 814, 219 S.W.2d 3.

On cross-appeal, appellant insists that she is entitled to interest on the amount of the original judgment against Dowell from its date until paid. Interest was allowed on the amount of the judgment entered on February 25, 1964, only. In reply, appellant undertakes to re-argue the question of who was driving the car and to insist that it should pay interest from the date of the later judgment only.

The policy issued by appellant to Dowell provided, so far as is pertinent, for "coverage A, $10,000 for all damages arising out of bodily injury sustained by one person in any one accident" and for coverage C, $500 for medical payments.

Section (2) (b) is as follows:

"As respects the insurance afforded under coverages A and B and in addition to the applicable limits of liability:"

\*    \*    \*    \*    \*    \*

"(b) to pay costs taxed against the insured in any such suit and, after entry of judgment, all interest accruing on the entire amount thereof until the company has paid or tendered such part of such judgment as does not exceed the limit of the company's liability thereon;"

Section (2) also provides for defense of the action and for payment of bond premiums and other items of expense.

Appellee bases her claim for interest on the full amount of the first judgment on Section (2) (b). It is argued that until the appellant has paid or tendered the amount for which it is liable it should be held liable for interest on the whole amount of the judgment against its insured. Appellant did not make the required tender or payment. It is to be noted that under Section (2) (b) the payment of costs, tax, and interest shall be "in addition to the applicable limits of liability," indicating payments to be made over and above the limits of liability.

The language of the provision provides for the payment of interest on the entire amount of the judgment instead of the limit of the policy coverage. To relieve itself from such burden, appellant, by the same provision, is permitted to pay or tender payment of "such part of such judgment as does not exceed the limit of the company's liability thereon."

■ It is a fundamental rule in the construction of insurance policy contracts that the contract shall be liberally construed and any doubts resolved in favor of the insured. Weaver v. National Fidelity Insurance Company, Ky., 377 S.W.2d 73; The Travelers v. Humming Bird Coal Company, Ky., 371 S.W.2d 35; Rash v. North British & Mercantile Insurance Company, Ky., 246 S.W.2d 990.

■ To apply the rule to this case, appellant could have protected itself by payment or tender of the policy limits of coverage in the original action and, thus, could have stopped the running of interest. It is no answer to say that appellant claimed no liability by reason of an exclusion or by reason of fraud and collusion as is claimed here. The recovering party is entitled to compensation for the loss of use of money recovered, and the loss of enjoyment thereof must be compensated by the payment of interest. Appellant is entitled to litigate such issues as it may desire, but it cannot litigate at the expense of appellee after her claim against the insured has been reduced to judgment. The remedy is tender of the policy limits of coverage as is provided in appellant's contract.

For these reasons the trial court should have amended the judgment to include interest in appellee's favor on $12,500 from November 13, 1959, until the date the revised judgment is paid.

Affirmed on appeal and reversed on cross-appeal.

All concur.