**Albert L. PIERCE, Appellant,**

v.

**FRITO–LAY, INC., Appellee.**

Court of Appeals of Kentucky.

March 29, 1968.

Richard E. Moorman, Leitchfield, Albert F. Reutlinger, Louisville, for appellant.

James M. Collier, Faurest & Collier, Elizabethtown, for appellee.

WILLIAMS, Chief Justice.

This is an appeal from a judgment dismissing appellee, Frito-Lay, Inc., on a claim for damages resulting from an automobile accident.

Appellant Albert L. Pierce was a passenger in an automobile driven by James A. Stochay. It collided with a tractor operated by Hugh A. Sims. The movements of the Frito-Lay truck were claimed to have precipitated the collision between the other two vehicles. Pierce sued Sims and Frito-Lay, Inc. He claimed that Sims was negligent and that the negligence of the driver of the Frito-Lay truck also was a proximate cause of the collision. The trial court dismissed the action as to Frito-Lay, Inc., and the jury awarded Pierce $4,500.00 against Sims. Pierce appealed from that part of the judgment which dismissed Frito-Lay, Inc.

Appellee contends that the issues presented by the appeal are moot because Pierce has been paid and has acknowledged " * * * complete and full satisfaction of the judgment entered herein against the defendant, Hugh A. Sims, in accordance with paragraph 1 of said judgment."

We have stated that:

"* * * a person injured by a joint tort has a single and indivisible cause of action. He may proceed against the wrongdoers either jointly or severally, and may recover a judgment or judgments against all, but he can have but one satisfaction of his single cause of action. * * * In 52 Am.Jur., Torts, § 131, it is said: 'It is a rule announced generally in a number of cases that noth-ing but the satisfaction of a judgment, or something which the law deems equivalent thereto, can bar an action against other tort-feasors. It is an implication of this rule that the satisfaction of such a judgment does operate as a bar. This implication finds affirmative support in other cases which specifically support the rule that the satisfaction of a judgment against one tort-feasor releases all from liability.'" Penrod v. Devine, 301 Ky. 629, 192 S.W.2d 817 (1946).

Also see Commonwealth, Dept. of Highways v. Begley, Ky., 376 S.W.2d 295 (1964), which held that "Although joint or concurrent tort-feasors may be jointly or severally liable, only one full satisfaction of damages for a single harm may be recovered by the injured party." In Dardeen v. Greyhound Corporation, Ky., 412 S.W. 2d 585 (1967), we wrote: "Mere *entry* of the award against the Highway Department did not raise a bar precluding action against the other tort-feasors; the bar would arise only from *satisfaction* of the award." Sherwood v. Huber & Huber Motor Express Company, 286 Ky. 775, 151 S.W.2d 1007, 135 A.L.R. 263; Bach v. Bach, Ky., 288 S.W.2d 52; Prosser on Torts, 3rd Ed., Ch. 8, sec. 45, p. 267.

Appellant relies upon 52 Am.Jur., 448, Torts, section 110 and quotes the statement that "The general rule as to this matter is that joint tort-feasors are jointly and severally liable." He also cites 52 Am.Jur., 465, Torts, section 128, which says: "The general rule is that a judgment in favor of one joint tort-feasor is no bar to an action against another tort-feasor." He discusses Hackett v. Hyson, 72 R.I. 132, 48 A.2d 353. The quoted statements from American Jurisprudence are harmonious with the Kentucky rule announced in the cases to which we have referred. Hackett v. Hyson, supra, involved a Rhode Island contribution statute similar to KRS 412.030. Neither contribution nor indemnity is involved in the case we have before us. As between Pierce and Frito-Lay, Inc., the claim is

moot, therefore, we need not consider the arguments advanced by Pierce to secure a reversal of the judgment.

The judgment is affirmed.

All concur.