MOTORISTS MUTUAL INSURANCE COMPANY, Appellant,

v.

M. Leroy HUNT, Appellee.

Court of Appeals of Kentucky.

April 15, 1977.

Raymond O. Harmon, William P. Swain, Wesley G. Gatlin, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Hugh ·K. Campbell, Louisville, for appellee.

Before WHITE, GANT and HOWER-TON, JJ.

WHITE, Judge.

This appeal is from a judgment entered on a jury verdict awarding the appellee, M. Leroy Hunt, recovery against the appellee's insurance company on an uninsured motorist's clause.

The suit arose out of an automobile accident which occurred on October 9, 1971, in Jefferson County, Kentucky, between the appellee and Henry A. Wheet, the alleged uninsured motorist. Several attempts were made by both appellee and appellant to serve Wheet with process, including the appointment of Special Bailiffs on three different occasions. All attempts were to no avail and Wheet was not served, did not appear, and was unavailable for trial.

The only evidence in the entire record that Wheet was uninsured was the testimony of the appellee at trial (T.E. at 16–17):

Q.12. Mr. Hunt, after the accident occurred, did you have a conversation with the operator, this boy?

A. Yes, sir.

\* \* \* \* \* \*

Q.15. At that time did you discuss or inquire of him if he had liability insurance?

A. Yes, sir, I asked him.

Mr. Gatlin: Object to that as hearsay.

Court: All right. I will take the objection, but I will let the witness answer.

A. I asked him if he had insurance, and he said, "None whatsoever."

Q.16. Did you have any later conversation with him and ask the same question of him again?

Mr. Gatlin: Same objection.

Court: Okay. Same objection noted. Go ahead and answer, sir.

A. I called Mr. Wheet two or three times, and he said he didn't have no insurance, and he was out of a job, and he couldn't make no payments on my car or anything else.

The appellant made motions for a directed verdict at the conclusion of the plaintiff's proof and at the conclusion of all the proof. These motions were overruled, and the case was submitted to the jury on an interrogatory as to the uninsured status of Wheet. The jury found for the appellee in the amount of $3,220.00.

■ The majority rule is that in an uninsured motorist case the insured bears the burden of proof that the adverse driver was in fact an uninsured motorist at the time of the accident. This is stated in 7 *Am.Jur.2d* Automobile Insurance § 136, at 463 (1964) as follows: "The burden of showing that the party responsible for the accident was uninsured is on the insured plaintiff attempting to recover under the uninsured motorist coverage." See also Annot: Automobile Insurance: What Constitutes an "Uninsured" or "Unknown" Vehicle or Motorist, Within Uninsured Motorist Coverage, 26 *A.L.R.3d* 883, 892.

The only question left for our decision is whether the evidence presented by the appellee is sufficient to meet this burden of proof. In so doing, we will keep in mind the following statement found in *Mer-*

*chant's Mutual Insurance Co. v. Schmid*, 56 Misc.2d 360, 288 N.Y.S.2d 822 (1968):

> Since the absence of insurance upon the offending vehicle and its driver is a condition precedent to the applicability of the uninsured driver endorsement, we hold that the burden of proving such absence is upon the claimant. However, we must keep in mind that proving a negative is always difficult and frequently impossible and that, consequently, the quantum of proof must merely be such as will convince the trier of facts that all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless. In such an event, and absent any affirmative proof by petitioner [the insurance company], the inference may be drawn that there is in fact no insurance policy in force which is applicable.

■ In the present case, the necessary quantum of proof depends upon the testimony of the appellee. Appellee's testimony that Wheet told him he had no insurance is hearsay because it is an out of court statement offered to prove the truth of the matter asserted. In order for it to be admissible, it must come within one of the hearsay exceptions. It is not res gestae since the statement of Wheet as to insurance coverage, though spontaneous, does not "in some way elucidate, qualify, or characterize the act[s] in question." *Cook v. Hall*, 308 Ky. 500, 214 S.W.2d 1017 (1948).

■ Neither is it the exception for admissions of a party-opponent because there was no personal service of summons on Wheet and he was not constructively summoned by the procedure set out in CR 4.05, 4.06, 4.07 and 4.08. Since Wheet was not a party for res judicata purposes, *Barnett v. Commonwealth*, Ky., 348 S.W.2d 834 (1961),

we will not consider him a party within the admissions exception to the hearsay rule.

■ The only other exception to the hearsay rule which could apply is that of a declaration against interest. In this sense Wheet's statement that he had no insurance would be against his pecuniary interest in that he would be personally liable for his tortious act. The Kentucky cases in which hearsay statements of this type have been found admissible have all involved declarations of deceased persons. *See, e. g., Evans v. Payne*, Ky., 258 S.W.2d 919 (1953).

We note, however, that in most jurisdictions, any type of actual unavailability (including the situation at hand) is sufficient cause for the introduction of declarations against interest, *Lawson, Kentucky Evidence Law Handbook*, Sec. 8.40 (1976). It is also of interest that the new Federal Rules of Evidence [Rule 804(a)(5), (b)(3)] would allow Wheet's statements to be substantive evidence of Wheet's uninsured status because it was a declaration against interest.

We hold that, limited to the particular facts of this case, Wheet's statements constitute declarations against interest which are admissible as an exception to the hearsay rule.

The judgment is affirmed.

All concur.