Nathaniel DAVIS, Appellant,

v.

AMERICAN STATES INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 25, 1977.

Rehearing Denied March 17, 1978.

---

William I. Bubenzer, Covington, for appellant.

Donald J. Ruberg, Covington, for appellee.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Kenton Circuit Court wherein the claims of the plaintiff-appellant, Nathaniel Davis, against defendant-appellee, American States Insurance Company, were dismissed.

On July 21, 1977, this court entered an order granting plaintiff-appellant's motion to strike the defendant-appellee's counterstatement and granting plaintiff-appellant's motion to accept plaintiff-appellant's statement of facts and issues as correct.

Plaintiff-appellant, Nathaniel Davis (hereinafter referred to as Davis), had, in 1968, purchased a two-story house located at 1332 Wheeler Street, Covington, Kentucky. At that time, Davis purchased a homeowner's policy issued by defendant-appellee, American States Insurance Company (hereinafter referred to as the Insurance Company), to cover said house. This policy was in effect on November 8, 1974.

In December, 1973, Davis rented the first and second floors of this house to Mary Bean, and Davis moved into the basement of the house. Davis allowed this tenant to use the furnishings on the first and second floor of the house, but it was understood between the parties that Davis was to get married in the future and at that time he would take his furnishings to his new home.

On November 8, 1974, Davis returned to his house after being away for several days. He discovered that the tenant had moved out. Davis further discovered that a lock had been removed from one of the doors and upon entering the house discovered that all his furnishings had been removed. Davis reported the break-in and theft to the Covington Police Department and at a later date discovered that the furnishings had been removed in a truck owned by a person living in Dayton, Ohio. Davis had no knowledge of any participation in the theft by Mary Bean.

Davis promptly notified the Insurance Company of his claim for theft loss under his homeowner's policy. This action was brought to recover the loss of the property valued at $3,550.00.

Several months after the theft, the appellant discovered three additional items of clothing missing from the portion of the basement where he lived. This additional loss was reported to the Insurance Company in July, 1975.

At the trial, the only evidence presented by the Insurance Company was the insurance policy in question. The specific provision relied upon by the Insurance Company is as follows:

Coverage C—This coverage excludes:

6. Property rented or held for rental to others by the insured, except property contained in that portion of the described premises customarily occupied exclusively by the insured and occasionally rented to others or property of the insured in that portion of the described dwelling occupied by roomers or boarders; . . .

The Insurance Company denied coverage to the later discovered articles because of lack of notice within sixty (60) days after the date of loss as required by the policy. The Insurance Company further claims that these items are not covered because the appellant did not establish that these articles were on his premises. The insurance policy provides:

This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:

1. owned or used by the insured; . .

.     .     .     .     .

3. but the limit of this company's liability for the unscheduled personal property away from the premises shall be an additional amount of insurance equal to ten percent of the amount specified for coverage C but in no event less than $1,000.00.

Davis raises as the issue on this appeal whether the trial court erred in determining that Davis's claims for the losses of personal property were denied because they were excluded by provisions of the policy.

■ There are no Kentucky cases elaborating on the exclusion provision under Coverage C heretofore mentioned. However, it is a fundamental rule in the construction of insurance contracts that the contract should be liberally construed and any doubts resolved in favor of the insured. *State Farm Mutual Automobile Ins. Co. v. Shelton*, Ky., 413 S.W.2d 344 (1967). Another general rule is that exceptions and exclusions should be strictly construed to make insurance effective. *State Automobile Mutual Insurance Co. v. Trautwein*, Ky., 414 S.W.2d 587 (1967).

*Black's Law Dictionary* defines "roomer" as a lodger, one who rents a room or rooms in a house. "Lodger" is defined in *Black's* as an occupant who has mere use without actual or exclusive possession. Lodger as defined in *Marden v. Radford*, 229 Mo.App. 789, 84 S.W.2d 947 (1935), is a tenant of part of another's house; one who has leave to inhabit another man's house; one who inhabits a portion of a house of which another has general possession and custody; one who lives in a hired room or rooms in the house of another; one who occupies hired apartments in another's house.

Davis testified that he had purchased the house and lived in it a number of years by himself. He further testified that he rented two floors of this house to Mary Bean and moved into the basement. She was paying rent for the rooms only, but was allowed to use the furnishings until such time as Davis would remove them. Clearly it was Davis's house and furnishings therein, and Mary Bean had mere use of the furnishings without actual or exclusive possession.

KRS 304.14–060(2) defined insurable interest in property as:

.  .  . any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

■ Mary Bean had no interest in the subject furnishings so as to be able to obtain insurance herself. It was Davis's furniture; he procured homeowner's insurance; and should be entitled to collect on the policy for his loss. We hold that the exclusion under Coverage C does not apply to Davis's furnishing as he falls within the exception to the exclusion; namely "property of the insured in that portion of the described dwelling occupied by roomers .  .  .."

■ As to the later discovered articles, Davis did not file his proof of loss within sixty (60) days of the date of loss as required by the policy. As to these items of clothing, we hold that the trial court was correct in denying coverage.

We affirm the trial court in denying coverage for the later-discovered articles and reverse the trial court so as to allow coverage for the furnishings which Davis claims as loss by theft.

All concur.