**Jennifer Miller BAKER and Rick Baker, Appellants,**

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.**

No. 2001–CA–000942–MR.

Court of Appeals of Kentucky.

Feb. 22, 2002.

Discretionary Review Denied Dec. 11, 2003.

---

Terry B. Boeckmann, Bowling Green, KY, for Appellants.

Barton D. Darrell, Bowling Green, KY, for Appellee.

Before: GUDGEL, Chief Judge; BARBER, and BUCKINGHAM, Judges.

*OPINION*

BUCKINGHAM, Judge.

Jennifer Miller Baker and Rick Baker appeal from an order of the Warren Circuit Court denying them underinsured motorist (UIM) coverage under policies with Kentucky Farm Bureau Mutual Insurance Company. The trial court decided the issue correctly, and we thus affirm.

On March 26, 2000, Jennifer Baker was involved in a single vehicle accident and sustained personal injuries. She alleged that she was forced from the roadway by an unidentified vehicle. There was no contact between the vehicles, and neither the identity of the driver of the other vehicle nor his or her status as an insured with liability coverage has been ascertained.

Jennifer filed a Complaint and Petition for Declaratory Relief in the Warren Circuit Court alleging she was entitled to recover UIM benefits under four policies issued by Farm Bureau.[1] She argued that the trial court should presume the existence of minimum tort liability limits for the unknown driver and unidentified vehicle causing her accident and allow her to recover damages to the extent they may exceed those presumed minimum liability limits. Farm Bureau filed a counterclaim requesting an adjudication that the policies do not provide UIM coverage to the Bakers in connection with the accident and that it is not obligated to pay them such benefits.

On April 11, 2001, the trial court entered Findings of Fact, Conclusions of Law and Order Declaring the Rights of the Parties. The court first found that the Bakers failed to satisfy the preconditions required by the UIM coverage provisions contained in the policies. Further, the court refused to presume that the unidentified driver had minimum liability coverage. In doing so, the court concluded that the case of *Motorists Mut. Ins. Co. v. Hunt*, Ky.App., 549 S.W.2d 845 (1977), the case relied upon by the Bakers, was inapplicable. The court reasoned that the *Hunt* case addressed uninsured motorist (UM) coverage and not UIM coverage. This appeal by the Bakers followed.

Jennifer acknowledges that in order for her to prevail, we must determine that Kentucky law permits the presumption of minimum liability insurance limits in accidents like this one pursuant to the *Hunt* case. She also acknowledges that if Kentucky law requires her to offer specific proof to the effect that the unknown driver and unidentified vehicle that forced her off the road carried minimum liability limits, she cannot prevail in this action. She asserts that there should be a presumption or inference regarding the existence of minimum tort liability insurance in the same manner that a presumption of no insurance may be made in an uninsured motorist case. She states that doing so would further the policies and goals of the Motor Vehicle Reparations Act (MVRA) by providing her with a source of recovery when none otherwise exists.

In the *Hunt* case, Hunt was involved in an automobile accident with Henry A. Wheet. Hunt was an insured of Motorists Mutual. Several attempts were made by both Hunt and Motorists Mutual to serve

---

1. Jennifer's husband, Rick Baker, joined in the complaint and asserted a claim for loss of consortium.

Wheet with process, but attempts to do so were unsuccessful and Wheet was not served. *Id.* at 846.

Because Wheet had told Hunt on more than one occasion that he did not have insurance, Hunt's circuit court action for UM benefits was filed against Motorists Mutual. At the trial of the case, Hunt testified, over objections, that Wheet told him he did not have insurance. *Id.* The jury returned a verdict in Hunt's favor against Motorists Mutual in the amount of $3,220.

On appeal, the court recognized that before Hunt could recover UM benefits, he bore the burden of proving that Wheet was an uninsured motorist at the time of the accident. *Id.* The sole question on appeal was whether the hearsay testimony given by Hunt as to statements Wheet made to him were sufficient to prove that Wheet was an uninsured motorist.

Quoting from *Merchants Mut. Ins. Co. v. Schmid,* 56 Misc.2d 360, 288 N.Y.S.2d 822 (1968), the *Hunt* court stated:

> [T]he quantum of proof must merely be such as will convince the trier of facts that all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless. In such an event, and absent any affirmative proof by petitioner [the insurance company], the inference may be drawn that there is in fact no insurance policy in force which is applicable.

*Id.* at 847. The court went on to state that "the necessary quantum of proof depends upon the testimony of the appellee [Hunt]." The court recognized that Hunt's testimony was hearsay, but it held that an exception to the hearsay rule, unavailability of witness/declaration against interest, was sufficient cause for the introduction of the testimony. *Id.* Thus, the court affirmed the jury verdict against Motorists Mutual.

In this case, Farm Bureau responds to the Bakers' argument by stating that the court in *Hunt* did not make a presumption or inference that Wheet was an uninsured motorist, but rather focused on an exception to the hearsay rule which provided evidence that Wheet was uninsured. In reply, the Bakers acknowledge that the *Hunt* case addressed questions regarding exceptions to the hearsay rule, but they further maintain that the case addressed issues regarding the quantum of proof required in context similar to those in the case *sub judice.*

■ It is clear, as the Bakers have acknowledged, that unless a presumption or inference of minimum tort liability limits is presumed or inferred, they have no coverage under the policies. We decline to accept the Bakers' argument that we should presume the existence of minimum tort liability limits pursuant to the *Hunt* case. Rather, we agree with Farm Bureau that the basis of the court's affirmance of the judgment in the *Hunt* case was that admissible evidence existed to prove that Wheet was an uninsured motorist. *Id.* at 847. Despite the quotation in *Hunt* from the New York case, we find nothing in the *Hunt* court's opinion which indicated that it presumed or inferred that Wheet did not have insurance. Rather, it accepted Hunt's testimony as evidence of that fact based on an exception to the hearsay rule. *Id.*

Finally, the Bakers urge us to apply the presumption and inference of minimum tort liability coverage for the unidentified driver because such would further the goals of the MVRA and would not cause prejudice to Farm Bureau. They insist that the purpose of the MVRA is to provide coverage and a means of recovery for victims of motor vehicle accidents in this Commonwealth and that that purpose can

be fostered by our accepting the presumption and inference they seek.

■■■■ "It is axiomatic that 'the terms of an insurance contract must control unless [they] contraven[e] public policy or a statute.'" *Meyers v. Kentucky Medical Ins. Co.*, Ky.App., 982 S.W.2d 203, 209 (1997). The Bakers have no UIM coverage for this accident under the policies, and it appears that the policies' provisions do not contravene public policy or a statute. Thus, we conclude that the Bakers should not be afforded coverage under these circumstances.

The judgment of the Warren Circuit Court is affirmed.

GUDGEL, Chief Judge, concurs.

BARBER, Judge, dissents by separate opinion.

BARBER, Judge, dissenting by separate opinion:

If Kentucky follows the logic of the majority in fact situations like we have *sub judice* or in hit and run accidents, injured policyholders who pay an extra premium for underinsured coverage would never be eligible for the protection they purchased.

If *Motorists Mut. Ins. Co. v. Hunt, supra*, only addresses the situation of hearsay evidence why did the court quote language from *Merchants Mut. Ins. Co. v. Schmid, supra*, establishing a standard to determine an inference of no insurance.

I believe the goal of the MVRA would be better served if persons in situations like we have here are afforded coverage rather than denied; therefore, I dissent.